In the Matter of the Accounting of THOMAS T. CREAMER, as Executor of JOHN F. CREAMER, Deceased, Respondent. BANK OF COMMERCE, Appellant.

First Department, June 17, 1971.

*Dugald Campbell Brown* of counsel (*Whitman & Ransom,* attorneys), for appellant.

*Herbert Plaut* of counsel (*Scribner & Miller,* attorneys), for respondent.

McNALLY, J. In this proceeding to compel an executor to render an accounting, the petitioning creditor, the Bank of Commerce, appeals from an order entered in the Surrogate's Court, New York County, on January 12, 1971, to the extent that it granted the executor's motion requiring the creditor to deliver promissory notes of four corporations in the aggregate of

$25,000 pursuant to a stipulation between the parties. The order otherwise denied the executor's motion which sought a $25,000 cash restoration from the creditor.

For the reasons herein stated, we reverse the order on the law and deny the executor's motion *in toto*, without prejudice to any plenary action he may be advised to bring.

Decedent apparently owed appellant $650,000 for which appellant made claim against the executor, respondent herein. The claim was rejected and the creditor sought to compel an accounting and have its claim allowed. The proceeding was set for a hearing when the parties reached a compromise. The parties stipulated that the executor would pay $250,000; that the appellant would return $25,000 without interest by delivering to the executor a series of notes to be issued by S. G. Tilden, Inc., part of a series of notes representing $115,000, to be payable by that corporation to the petitioner. The parties further stipulated: " In lieu of delivering to respondent said promissory notes of S. G. Tilden, Inc., petitioner shall have the right to deliver promissory notes in the aggregate principal amount of $25,000 of Howell-Treiber, Inc., of King Exchange Units, Inc., or Hempstead Machine Works, Inc., or Permafuse Corp., or a combination thereof, *as petitioner may determine,* said notes shall be payable to respondent at substantially the same time or times and in substantially the same installments as the notes which respondent would receive under paragraph 2 hereof, it being recognized, however, that it may not be practicable to exactly duplicate said terms and amount." (Emphasis added.)

" That this proceeding be and it hereby is discontinued with prejudice and without costs to either party as against any other party and the respondent individually and in his capacity as executor is hereby forever discharged and released from any and all liability to the petitioner for any and all obligations of the decedent."

The stipulation was reflected in an order, dated July 14, 1969, decreeing approval of the settlement and compromise of the creditor's claim, authorizing the executor to perform the acts called for by the terms of the stipulation, and providing that the proceeding upon the petition of the creditor "be and the same hereby is settled and compromised ".

Subsequently, the appellant transmitted a series of notes of Howell-Treiber, Inc. aggregating some $25,000. Inasmuch as Howell-Treiber had been adjudicated a bankrupt appellant also transmitted to the executor an assignment of the claim of the original payee of those notes which had been filed in the bankruptcy proceeding. The notes were indorsed by the original

payee: "Pay to the order of Thomas Tucker Creamer as executor of the estate of John F. Creamer, Sr., deceased, without recourse or warranties, express or implied including but no limited to those set forth in the Uniform Commercial Code as enacted and in force in the State of New York."

The stipulation in the accounting proceeding was dated July 8, 1969 and was executed prior to the adjudication of Howell-Treiber, Inc. as a bankrupt on August 28, 1969, but after Howell-Treiber, Inc. had defaulted on the first of the series of notes, part of which were delivered to the executor pursuant to the stipulation.

The executor rejected the assignment and notes as not in accordance with the stipulation and moved for an order requiring appellant to turn over $25,000. The appellant opposed the motion on the ground that no proceeding was pending in which a motion could be made and argued that the executor could only litigate his claim of a breach of the stipulation in a plenary action.

The Surrogate concluded that the court had jurisdiction over any controversy arising out of a stipulation entered into before the court. We conclude the holding in this respect was erroneous.

The appellant also opposed the motion on the merits contending that it had the right to deliver $25,000 of the notes of any of the four corporations specified in the stipulation.

The proceeding which was compromised by the stipulation of settlement was discontinued with prejudice.

The law of this State is that enforcement of a stipulation of settlement may not be sought by motion unless the action which was settled by the stipulation is still pending at the time the motion is made.

In *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.* (247 N. Y. 435) the Court of Appeals held that a stipulation of settlement was binding upon the parties and would not be disturbed on motion since the stipulation discontinued the original cause of action and substituted a new contract based on the settlement.

Following that decision, this court held in *American Progressive Health Ins.* v. *Chartier* (6 A D 2d 579) that a stipulation of settlement could not be enforced by motion where the action which was settled by the stipulation had been discontinued. In so holding, this court stated (p. 580): "Since there is no action now pending which would serve as a vehicle for bringing on a motion, defendant must be left to a plenary action based upon the contract which was created by the stipulation."

See, also, *Brown* v. *Cleveland Trust Co.* (233 N. Y. 399, 406) and *Loeb* v. *Willis* (100 N. Y. 231, 235) holding that where an

action is discontinued by consent of the parties it is as though the action never existed. (See, also, *Denberg* v. *Denberg*, 22 A D 2d 65; *Banno* v. *Clearwater Beach Colony*, 8 A D 2d 798.)

*Matter of White* (182 Misc. 223, affd. 268 App. Div. 759) relied upon by the Surrogate is inapposite. That case involved an application to set aside a decree under section 20 of the Surrogate's Court Act and in effect was an attack upon the validity of a settlement agreement. The question at issue in the instant proceeding was never reached in *White (supra)*. Here the executor affirms and seeks enforcement of the settlement as interpreted by him. The fact that no order of discontinuance has been entered has been answered by our holding in *Banno* v. *Clearwater Beach Colony (supra*, p. 799) that: " The making and filing of such a stipulation [of discontinuance] has the same effect as an order of discontinuance." The third ordering paragraph in the order entered on the compromise terminates the proceeding and is incompatible with the retention of the right to apply at the foot of the order for further relief. Further the order makes no provision for so doing.

If we did not hold that the Surrogate lacked jurisdiction, we would remand for a hearing on the grounds suggested in the dissenting memorandum of Mr. Justice MURPHY.

In sum, we hold the Surrogate lacked jurisdiction to entertain the executor's motion. Therefore, we reverse, without prejudice to the bringing of such plenary action as the executor may be advised, without costs.

MURPHY, J. (dissenting in part). I dissent in part and vote to modify and remand the cause to the Surrogate for a hearing. The Surrogate held the parties did not intend that the delivery of an assignment of a claim in bankruptcy based upon the notes of an adjudicated bankrupt would satisfy the agreement nor was it intended that $25,000 in cash be returned to the executor, and directed that the stipulation be given effect by delivery of promissory notes of the four corporations, or a combination of them, totaling $25,000. This was a question of fact which should not have been decided without a hearing. Further, I believe that the Surrogate did not lose jurisdiction. The stipulation of compromise and settlement of the claim filed in the Surrogate's Court was presented by counsel to the Surrogate for his approval. By order of July 17, 1969, the Surrogate approved and directed compliance with the stipulation which then became merged with the order of the court. The cases cited by the majority deal with stipulations and not orders of the court and, accordingly, do not apply.

McGIVERN, J. P., MARKEWICH and TILZER, JJ., concur with McNALLY, J.; MURPHY, J., dissents in part in an opinion.

Order, Surrogate's Court, New York County, entered on January 12, 1971, so far as appealed from, reversed, on the law, without costs and without disbursements, and the respondent's motion denied *in toto*, without prejudice to any plenary action respondent may be advised to bring.