■ In the Matter of the Estate of SIDNEY JANIS, Deceased. CARROLL JANIS et al., Respondents; ROBIN LADAS, Appellant. ROBIN LADAS, Appellant-Respondent; CARROLL JANIS et al., Respondents-Appellants, et al., Respondent. [620 NYS2d 342] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered February 18, 1993, which denied objectant's motion to enforce a purported settlement agreement, unanimously affirmed, without costs. Order, same court and Surrogate, entered June 11, 1993, which, insofar as appealed from, denied objectant's motion to exhume the decedent's body for the purpose of performing blood genetic marker tests, and to revoke proponents' preliminary letters for failure to file an inventory of assets but directed them to file an affidavit as to the value of the gross estate, unanimously affirmed, without costs.

The Surrogate correctly held that there is no open court settlement agreement within the meaning of CPLR 2104 where the purported agreement was never transcribed or entered into any court record (Matter of Dolgin Eldert Corp., 31 NY2d 1). The personal notes of the Surrogate relating to the purported agreement, not to mention those of the parties' respective attorneys, would not satisfy CPLR 2104 even if terms of the purported agreement were not, as they are, in dispute (see, Zambrana v Memnon, 181 AD2d 730; compare, Popovic v New York City Health & Hosps. Corp., 180 AD2d 493). Objectant's request for exhumation, sought for the purpose of taking bone and tissue samples from the decedent on which a blood genetic marker test could be administered establishing that the decedent was objectant's father, was correctly denied on the ground that EPTL 4-1.2 (a) (2) (D), phrased as it is in the past tense, clearly does not contemplate the administration of such a test post-death, and should be construed in pari materia with Family Court Act § 519 (c), which explicitly states that such a test had to have been administered "prior to [the putative father's] death." And even if the statute did contemplate post-death testing, the request for exhumation was unreasonable as a matter of law (see, Saperstein v Commercial Travelers Mut. Acc. Assn., 36

NY2d 79, 84), where, if the decedent was indeed objectant's father, he chose neither to acknowledge nor designate her in his will as an heir, but did make her a legatee, and assuming that objectant is ultimately found to have the requisite standing to challenge probate, she would still face the formidable task of demonstrating incompetence, fraud and undue influence to prevent probate.

We have considered and rejected the additional arguments of appellant and cross-appellants. Concur—Sullivan, J. P., Rosenberger, Ellerin, Kupferman and Williams, JJ. *[See,* 157 Misc 2d 999.]