[653 NYS2d 449]

In the Matter of the Estate of MICHAEL SEKANIC, Deceased. MICHELE D. VAN WIE, as Administrator of the Estate of MICHAEL SEKANIC, Deceased, Appellant; DIANA V. CARL, Respondent.

Third Department, February 6, 1997

*Gibbons & Burke, P. C.,* Scotia *(Kenneth T. Gibbons* of counsel), for appellant.

*Christina L. Tangredi,* Albany *(Diane K. Bangert-Drowns [D'Agostino, Hoblock, Greisler & Siegal, P. C.]* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Decedent died intestate a resident of Albany County in 1993, survived by two brothers and a companion with whom he had lived since 1962. The companion is the mother of both petitioner and respondent. Claiming to be decedent's out-of-wedlock child, petitioner applied for and was granted letters of administration of decedent's estate. As administrator, petitioner petitioned for approval of her final accounting of the estate, estimated at approximately $150,000.

Respondent, also claiming to be decedent's out-of-wedlock child, filed objections to the accounting and moved for an order directing disinterment of decedent's remains for the purpose of DNA testing in an effort to establish paternity by clear and convincing evidence pursuant to EPTL 4-1.2 (a) (2). At trial both petitioner and respondent presented evidence in support of their respective claims.

After trial, Surrogate's Court ruled that decedent had openly and notoriously acknowledged both petitioner and respondent as his own, but in order to provide clear and convincing evidence of paternity pursuant to EPTL 4-1.2 (a) (2) (D) the court directed that the remains of decedent be disinterred and subjected to DNA testing to determine if decedent was in fact the father of respondent. All expenses relative to such procedures were to be borne by the estate. Petitioner appeals.

The issue presented on this appeal is whether EPTL 4-1.2 (a) (2) (D) authorizes disinterment of a body for DNA testing in order to establish paternity of a person, such as respondent, who claims to be an out-of-wedlock child of decedent. The statute, phrased as it is in the past tense, clearly does not contemplate the administration of such a test postmortem and should be construed in pari materia with Family Court Act § 519 (c), which explicitly states that such a test had to have "been administered to the putative father prior to his death" (see, Matter of Janis, 210 AD2d 101).

Respondent was 37 years of age when decedent died and had no contact with decedent during his lifetime. Her mother testified that decedent was not respondent's father. There is no compelling public interest for disinterring decedent's remains, as might be the case if she were a minor dependent on decedent for support. Furthermore, permitting disinterment at the expense of the estate upon such a claim would set a precedent for the filing of false opportunistic claims against decedents' estates which the Legislature sought to avoid by enacting EPTL 4-1.2 (see, Mem of Sen Goodhue, 1987 NY Legis Ann, at 156). The clear language, legislative history and sound public policy support a construction of EPTL 4-1.2 (a) (2) (D) that neither allows nor contemplates postmortem DNA testing on a decedent for the purpose of establishing paternity. Assuming that Surrogate's Court had the authority to order disinterment, there must be good and substantial reasons for exercising that authority (see, Matter of Currier [Woodlawn Cemetery], 300 NY 162, 164). We are of the view that disinterment merely to facilitate the resolution of an inheritance claim does not meet the good and substantial reason standard. The determination of the court allowing disinterment should, therefore, be reversed and respondent's motion for such relief should be denied. Inasmuch as the claim of paternity as to respondent was not decided at the trial, the matter should be remitted to Surrogate's Court for additional proof, if deemed necessary, and a finding as to the paternity of respondent based on clear and convincing evidence.

WHITE, J. P., PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed the disinterment of

decedent's remains for genetic testing; matter remitted to the Surrogate's Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.