■ HOTEL PRINCE GEORGE AFFILIATES, Appellant, v GEORGIA O. GRIMBILAS, as Executrix of NORAH MAROALIS, Deceased, et al., Respondents. (And Another Action.) [659 NYS2d 473] —Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered March 21, 1996, which, insofar as appealed from, dismissed Action No. 2 as time-barred; and order, same court and Justice, entered on or about January 14, 1997, which denied the motion of David Berg, Esq., *pro se*, on behalf of himself and two other minority partners of plaintiff in Action No. 1, to set aside a global stipulation of settlement in these and related actions seeking a judicial partnership accounting from two partners, unanimously affirmed, without costs.

The IAS Court properly held that it lacked jurisdiction to set aside the global settlement since numerous necessary parties in the related actions were not before it. Further, since a stipulation of discontinuance had been filed, the actions were terminated and the stipulation could only be set aside in a separate plenary action (*see, D'Amico v Nuzzo*, 194 AD2d 761). To the extent appellant and his clients seek further relief for alleged wrongs committed by other parties, they may commence a separate action or seek arbitration pursuant to the terms of the partnership agreement. We have considered appellant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Milonas, Ellerin, Andrias and Colabella, JJ.