Ryan J. WESTOVER, A Minor, By and Through his guardian and natural parent Colleen Westover GRAY, Plaintiff,

v.

Susan DURANT, a.k.a. Susan Danker; Robert Brustle; R. Christopher Dempf; Tobin & Dempf, Attorneys At Law; Serviceman's Group Life Insurance Company, Defendants,

Susan Durant, a.k.a. Susan Danker, Third-party Plaintiff,

Michael A. Durant, Third-party Defendant,

R. Christopher Dempf; Tobin & Dempf, Cross-claimants,

Susan Durant, a.k.a. Susan Danker; Robert Brustle, Cross-defendants,

R. Christopher Dempf; Tobin & Dempf, Cross-claimants,

Susan Durant, a.k.a. Susan Danker; Robert Brustle, Cross-defendant.

No. 97–CV–1280 (LEK/RWS).

United States District Court, N.D. New York.

Nov. 16, 1999.

Jerome J. Kaharick, Office of Jerome J. Kaharick, Johnstown, PA, for Plaintiff.

David S. Michaels, Office of David Seth Michaels, Spencertown, NY, Seth H. Agata, Koweek, Cranna Law Firm, Hudson, NY, James W. Connor, Connor, Connor Law Firm, Hudson, NY, Michael L. Costello, Tobin, Dempf Law Firm, Albany, NY, for Defendants.

## MEMORANDUM—DECISION AND ORDER

KAHN, District Judge.

Presently before the Court are (i) defendants Brustle and Danker's summary judgment motion, (ii) Plaintiff's summary judgment motion, (iii) defendants Tobin & Dempf and R. Christopher Dempf summary judgment motion, or, in the alternative, to dismiss. For the reasons set forth below, defendants Brustle and Danker's summary judgment motion is denied, Plaintiff's summary judgment motion is denied, defendants Tobin & Dempf and R. Christopher Dempf motion for summary judgment is granted.

## I. BACKGROUND

Colleen Westover Gray served in the U.S. Army in Korea. Following her discharge and relocation to Pennsylvania, she gave birth to Ryan J. Westover on September 14, 1988. She had previously contacted Jeffrey Brustle, a soldier with whom she had served in Korea, and asserted that he was her child's father. After Ryan's birth, Brustle made several payments, and Ms. Westover advised him to make those payments through Pennsylvania's Domestic Relations Office in order to preserve a record of payments. Westover also contacted Susan Durant (Danker), Brustle's mother, to report Ryan's birth. (Sometime after Brustle's death a DNA test established a 99.99% probability that Brustle was the biological father of Ryan Westover.)

On June 7, 1992, shortly after his discharge, Brustle was murdered in Texas. Michael Durant, Susan Durant's ex-husband, traveled to Texas and spoke with Brustle's former commanding officer concerning the existence of a life insurance policy. The officer informed Mr. Durant that Brustle did have a life insurance policy that designated the beneficiary as "by-law." Susan Durant then retained R. Christopher Dempf for representation in handling her son's estate. On June 11, 1992, Dempf wrote to Servicemembers' Group Life Insurance Company, requesting the name of the policy beneficiary and instructing the company not to release any proceeds without the written authorization of Susan Durant. In July 1992, Susan Durant and Robert Brustle received a claim form from the insurance company that specifically asked if the decedent had any children, including adopted or illegitimate children. Defendants Durant (Danker) and Brustle checked "no" and submitted the form to the insurance company. Each later received $50,000 under the life insurance policy.

## II. ANALYSIS

Several motions for summary judgment are pending in this case. The standard for granting summary judgment is well-established. Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A material fact is genuinely disputed only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all evidence must be viewed and all inferences must be drawn in the light most favorable to the nonmoving party. *City of Yonkers v. Otis Elevator Co.*, 844 F.2d 42, 45 (2d Cir.1988).

The party seeking summary judgment bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Upon the movant's satisfying that burden, the onus then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), "but must set forth specific facts showing that there is a genuine issue of fact for trial." *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 288, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). Summary judgment is usually unwarranted when the defendant's state of mind is at issue. *Clements v. Nassau County*, 835 F.2d 1000, 1005 (2d Cir.1987). In order to raise a fact issue regarding state of mind, however, there must be solid circumstantial evidence to prove plaintiff's case. *Id.* "Mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996).

### A. Defendants Brustle and Durant's Summary Judgment Motion

Defendants Brustle and Durant seek summary judgment on three alternate grounds: (i) there is no valid court order determining the paternity of Ryan Westover and Plaintiff therefore lacks any right to recover; (ii) a federal court sitting in diversity has no jurisdiction in cases involving determinations of paternity; and (iii) New York law does not provide Plaintiff with any grounds for recovery. Defendants' arguments are unavailing.

 Defendants Brustle and Durant contend that the Pennsylvania court order declaring Jeffrey Brustle to be Ryan's father is invalid due to that court's lack of personal jurisdiction over Brustle. Brustle received notice of the proceedings Westover initiated in Pennsylvania, made no appearance, and made several monthly payments following notification of Ryan's birth. Pennsylvania's long-arm statute, 42 Pa.C.S.A. § 5322, is co-extensive with the interpretation of minimum contacts that the Supreme Court established in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *See* 42 Pa. Const.Stat. § 5322(b). Pennsylvania's long-arm statute specifically confers jurisdiction on its courts over individuals "[c]ausing harm or tortious injury by an act or omission outside this Commonwealth." 42 Pa. Const.Stat. § 5322(a)(4).[1]

---

1. Oddly, in their enumeration of the specific activities subjecting individuals to Pennsylvania jurisdiction, defendants Brustle and Durant omitted this provision entirely. The Court would be more willing to entertain the idea that this omission was entirely accidental were it not for the fact that Defendants managed to cite other bases fully. Prefacing the list of jurisdictional bases with the word "included" is a narrow figleaf, indeed. The Court admonishes the parties and their counsel against resorting to similar semantic stratagems in the future.

Here, Brustle's failure to fulfill his financial obligations to Westover and Ryan constituted such tortious injury, and therefore conferred jurisdiction over him on the Pennsylvania court. Since that court validly exercised jurisdiction over Brustle in entering the order, New York State would give full faith and credit to that order: New York recognizes foreign orders of filiation with regard to the inheritance rights of non-marital children. *See* N.Y.Est. Powers & Trusts Law § 4–1.2(a)(2)(A).

■ Defendants also challenge this Court's jurisdiction over the case, claiming that federal courts are divested of jurisdiction to decide issues relating to divorce, alimony, child custody, and paternity under a "domestic relations exception" to diversity and federal jurisdiction. Defendants err. The exception stems from the announcement in *Barber v. Barber*, 21 How. 582, 16 L.Ed. 226 (1858), that federal courts have no jurisdiction over suits for divorce or the allowance of alimony. In *Ankenbrandt v. Richards*, 504 U.S. 689, 696, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), the Supreme Court held that *Barber* did not mandate the exclusion based upon any constitutional impediments, and suggests that divestiture is a matter of statutory interpretation left to the courts. In any event, the exception, to the extent it survives, pertains only to a narrow set of cases involving divorce, alimony, or child custody. Paternity has never been included within the scope of the domestic relations exception, perhaps because the exception relates to legal issues arising within the context of marriage while paternity does not necessarily. Abstention is similarly unwarranted since there is no pending state action.

■ Defendants' final assertion that New York law does not create any grounds for recovery in these circumstances is incorrect. First, as explained above, the Pennsylvania order is valid and entitled to full faith and credit in New York. Second, even were the order invalid, defendants Brustle and Durant consented to the ad-

ministration of a DNA test on the decedent Brustle that determined his paternity of Ryan. There is no statutory bar to the admissibility of a postmortem blood test in New York; the cases suggesting otherwise do so within the context of barring disinterment, which is not a concern here. *See, e.g., Matter of Janis*, 210 A.D.2d 101, 620 N.Y.S.2d 342 (1st Dep't 1994). Moreover, even those cases cited by Defendants suggest that in certain circumstances disinterment would be justified for the administration of a postmortem blood test. *See id.*

## B. Plaintiff's Summary Judgment Motion

■ While this Court is satisfied that Jeffrey Brustle is the father of Ryan J. Westover, insufficient proof exists to grant Plaintiff's motion for summary judgment as to the causes of action upon which she seeks summary judgment. While the insurance claim form submitted by defendant Durant was incorrect in reporting that her son had no progeny, the fact of paternity was not established until the DNA test in April 1993. Accordingly, the requisite elements of knowledge and duty underlying Plaintiff's claims are appropriately before a trier of fact, precluding summary judgment.

## C. Defendants Tobin & Dempf and R. Christopher Dempf's Motions

Defendants Tobin & Dempf and R. Christopher Dempf move for summary judgment, and, alternatively, to dismiss the complaint. These defendants owed no duty to Plaintiff, barring the fraud and negligence claims asserted against them.

■ To plead a cause of action for fraud, a plaintiff must allege a misrepresentation of a material existing fact, falsity, scienter, deception, and injury. *See, e.g., Hutchins v. Utica Mut. Ins. Co.*, 107 A.D.2d 871, 484 N.Y.S.2d 686 (3d Dep't 1985). Nondisclosure is tantamount to an affirmative misrepresentation where a party to a transaction is duty-bound to disclose certain pertinent information. Such

duty to disclose may arise where a fiduciary or confidential relationship exists or where a party has superior knowledge not available to the other. *See, Young v. Keith,* 112 A.D.2d 625, 492 N.Y.S.2d 489 (3d Dep't 1985). No such fiduciary or confidential relationship existed between defendants Tobin & Dempf and R. Christopher Dempf, and Plaintiff. These defendants were not "parties" to the transaction at issue here: any obligation to disclose the "by-law" term in the insurance policy did not rest on the attorneys.

 In order to prevail on his claim of interference with prospective economic advantage, Plaintiff must establish that defendant Dempf interfered with business relations existing between Plaintiff and a third party either with the sole purpose of harming the plaintiff or by means that are dishonest, unfair, or in any way improper. *See PPX Enterprises, Inc. v. Audio Fidelity Enterprises, Inc.,* 818 F.2d 266, 269 (2d Cir.1987). By Plaintiff's own admission, defendant Dempf merely prepared forms that were later signed by his client and procured the DNA test establishing Ryan's paternity. Plaintiff's cause of action is founded upon the assumption that Dempf should have properly violated attorney-client privilege once he learned that decedent Brustle had fathered Ryan. That position is inherently untenable. Dempf performed acts within the scope of his representation and the administration of Brustle's estate. The payment on the insurance policy fell outside the estate since the policy named as beneficiary "by law" instead of "estate" (as recorded by the inventory submitted to the Surrogate); indeed, Dempf did not learn about defendants Brustle and Durant receiving payment on the policy until after the insurance company paid. In short, defendant Dempf's involvement was limited to representation of the administratrix (defendant Durant) in proceedings before the Surrogate, and he was totally uninvolved, by Plaintiff's own admission, in the independent attempt by defendants Brustle and Durant to procure money from the policy.

In light of defendant Dempf's involvement only in administration of the estate, Plaintiff's claim for wrongful interference with contract likewise fails since there are no facts supporting any allegation that defendant Dempf dealt with the insurance policy. Similarly, at no time did Dempf exercise any control over the policy or proceeds, barring the conversion claim.

## III. CONCLUSION

Accordingly, it is hereby

ORDERED that defendants Brustle and Durant's motion for summary judgment is DENIED;

ORDERED that Plaintiff's motion for summary judgment is DENIED;

ORDERED that defendants Tobin & Dempf and R. Christopher Dempf's motion for summary judgment is GRANTED; and it is

FURTHER ORDERED that the Clerk of the Court serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.