■ In the Matter of the Estate of MICHAEL SEKANIC, Deceased. MICHELE D. VAN WIE, as Administrator of the Estate of MICHAEL SEKANIC, Deceased, Appellant-Respondent; DIANNA V. CARL, Respondent-Appellant. [705 NYS2d 734] —Graffeo, J. Cross appeals from an order of the Surrogate's Court of Albany County (Marinelli, S.), entered February 5, 1999, which, *inter*

*alia*, denied petitioner's application for approval of her final accounting of decedent's estate.

Decedent died intestate in 1993 and both petitioner and respondent separately claim to be his biological children. Although both parties are the daughters of decedent's long-term companion, they refute each other's respective claims of paternity. Upon decedent's death, petitioner applied for and was granted letters of administration of the estate and thereafter sought approval of her final accounting, estimated to be $150,000. Respondent filed objections to the accounting and a hearing was held during which respondent moved for an order authorizing disinterment of decedent's remains for the purpose of DNA testing in order to establish paternity. At the conclusion of the trial, Surrogate's Court held that decedent had openly and notoriously acknowledged both respondent and petitioner as his daughters, and in an effort to establish paternity under the clear and convincing evidentiary standard required by EPTL 4-1.2 (a) (2) (D), the court issued an order directing that decedent's remains be disinterred. Upon appeal by petitioner, this Court reversed the order to the extent that it directed disinterment and remitted this matter to Surrogate's Court for further proceedings with respect to the determination of paternity (229 AD2d 76). Thereafter, based on the testimony and evidence presented at the hearing, Surrogate's Court found that neither petitioner nor respondent proved paternity by clear and convincing evidence. Both parties now appeal.

Pursuant to EPTL 4-1.2, a nonmarital child may inherit from his or her father if "paternity has been established by clear and convincing evidence and the father of the child has openly and notoriously acknowledged the child as his own" (EPTL 4-1.2 [a] [2] [C]). We initially note that Surrogate's Court concluded that decedent openly acknowledged petitioner and respondent as his children, which we find to be fully supported by the record. Therefore, the pivotal issue on appeal is whether paternity was established by clear and convincing evidence.

We address first petitioner's contention that she proffered clear and convincing proof that decedent was her biological father. Significantly, petitioner's mother testified that she engaged in a sexual relationship exclusively with decedent at the time petitioner was conceived and that decedent was petitioner's father. She further indicated that they lived together as a family from the time petitioner was approximately 11 years old until petitioner married. During this time, household expenses were paid by decedent and petitioner's

mother. Photographs were submitted which depicted petitioner with decedent throughout her childhood. Various family friends recalled that decedent referred to petitioner as his daughter and to petitioner's child as his granddaughter. Through the testimony of a real estate agent and a notary public, a document in connection with the purchase of petitioner's home was admitted in evidence wherein decedent certified that he was petitioner's father. Based on the foregoing, we conclude that the evidence, when viewed as a whole, was sufficient to establish paternity of petitioner by clear and convincing evidence (*see*, Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 4-1.2, at 659).

With respect to respondent's appeal, however, we reach a different conclusion. Despite the finding of Surrogate's Court that decedent openly acknowledged respondent as his child, the proof failed to establish by clear and convincing evidence that decedent was her father. Notably, respondent's mother testified that decedent was not respondent's father and that respondent was conceived during a period of time when she and decedent were estranged. She further claimed that respondent's father was in fact a man with whom she had engaged in an isolated sexual encounter. Respondent was sent to live with foster parents shortly after her birth and her relationship with her mother has been strained. The record reveals that respondent acknowledged that her contacts with decedent were minimal and that she did not have a close or significant relationship with him. Although Surrogate's Court questioned the veracity of the claim by respondent's mother that she had no contact with decedent at the time of respondent's conception, the animosity between mother and daughter does not relieve respondent of her evidentiary burden. Upon this record, Surrogate's Court did not err in finding that respondent did not prove paternity by clear and convincing evidence.

Cardona, P. J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as found that petitioner failed to prove paternity by clear and convincing evidence; matter remitted to the Surrogate's Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. [As amended by unpublished order entered Aug. 3, 2000.]