OPINION OF THE COURT
Anthony A. Scarping, Jr., S.
This is a miscellaneous proceeding commenced by two *423 purported nonmarital sons of decedent (petitioners) to revoke the letters of administration issued to decedent’s daughter (respondent), on the basis that she neither sought nor obtained personal jurisdiction over them in the administration proceeding. Pursuant to CPLR 3120 (b), petitioners have moved to obtain from a nonparty entity blood samples for the purpose of conducting DNA testing in order to establish their right of inheritance under EPTL 4-1.2. Respondent opposes the motion.
The motion is denied, without prejudice, as set forth infra.
Petitioners seek to obtain from the New York Firefighters Skin Bank (the Skin Bank) certain blood serum, allegedly decedent’s, maintained in connection with a donation of decedent’s skin respondent made to the Skin Bank shortly after decedent’s death. In opposing the motion, respondent contends that controlling authority prohibits the relief sought and, in any event, granting the relief sought would contravene public policy, as it would nullify the confidentiality of the process and, thereby, discourage future anatomical donations. The court disagrees, in both respects.
Petitioners seek to establish their status as distributees solely under the provisions of EPTL 4-1.2 (a) (2) (C), which permits nonmarital children to inherit upon a showing of “clear and convincing” evidence of paternity, as well as evidence that the putative father “openly and notoriously” acknowledged the children as his own (see, Matter of Janis, 157 Misc 2d 999, 1001, affd 210 AD2d 101). Initially, it appears undisputed that the results of posthumous DNA testing are not permitted when nonmarital children attempt to establish paternity pursuant to EPTL 4-1.2 (a) (2) (D) (see, Matter of Janis, supra; see also, Matter of Sekanic, 229 AD2d 76 [3d Dept]; Matter of Wilkins, 184 Misc 2d 218 [Niagara County]; Estate of DeLuca, NYLJ, Jan. 15, 1998, at 37, col 2 [Suffolk County]). However, to date, neither the Court of Appeals nor the Appellate Division, Second Department, has addressed the issue of whether the results of DNA tests conducted on decedent’s genetic material posthumously can be used in establishing “clear and convincing” evidence of paternity under EPTL 4-1.2 (a) (2) (C).
Recently, building on dicta found in Janis, Surrogate Preminger held that there was “no basis in law or logic” to exclude the results of posthumous DNA testing from the category of “clear and convincing” evidence of paternity under EPTL 4-1.2 (a) (2) (C), particularly where the genetic material used for the testing is available “without the drastic remedy of exhumation, *424 comes from a reliable source, and is amenable to accurate testing” (Matter of Bonanno, 192 Misc 2d 86, 88; see, Matter of Anne R. v Estate of Francis C., 167 Misc 2d 343, affd 234 AD2d 375 [allowing posthumous DNA testing to establish paternity under Family Ct Act art 5]). Even though the results of the posthumous DNA testing in Bonanno were used to eliminate the possibility of paternity, Surrogate Preminger’s analysis “suggests that post-death DNA tests would be permitted to prove paternity as well, provided that the ‘open and notorious acknowledgment’ prong of [EPTL 4-1.2 (a) (2) (C)] is satisfied” (Valente and Palumbo, Posthumous DNA Testing, NYLJ, May 31, 2002, at 3, col 1).
Additionally, while mindful of respondent’s “public policy” concern emanating from the confidentiality of certain anatomical gifts, the court must weigh that concern along with one of equal or even greater significance — ensuring that estates are properly administered and distributed to a decedent’s rightful heirs.
While the court agrees with Surrogate Preminger’s analysis in Bonanno, it cannot grant petitioners’ motion at this juncture. Respondent has raised factual issues as to the “chain of custody” of the blood serum, to the extent that the court is not satisfied that the genetic material sought for testing comes from a reliable source, or that it is amenable to accurate testing.
In any event, the parties have presented conflicting factual issues as to whether decedent “openly and notoriously acknowledged” petitioners as his sons. Unless and until these issues are resolved in petitioners’ favor, this court will not rule on the propriety of the DNA evidence (see, e.g., Estate of Gentile, NYLJ, Mar. 1, 2002, at 21, col 3 [Nassau County]). Accordingly, the motion is denied, without prejudice.