■ GENE H. ROBISON et al., Respondents, v MARIO L. BORELLI, Appellant. [657 NYS2d 783] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered February 21, 1996 in Ulster County, which, *inter alia*, denied defendant's motion to vacate a stipulation of settlement.

This action was commenced as the result of a boundary line dispute between plaintiffs and defendant, owners of adjoining property. On February 15, 1995, the date the case was scheduled for trial, defendant's surveyor refused to give

testimony and the parties agreed to resolve the dispute by a stipulation of settlement. On this date, a handwritten stipulation was executed by the parties setting forth the agreed-upon boundary line. After the execution of the stipulation, defendant maintained that it did not accurately describe the rear boundary line as agreed to by the parties and additional appearances to resolve the issue were had before Supreme Court. Supreme Court directed the parties to have the property surveyed in accordance with the boundary line set forth in the written stipulation. After the survey was completed, defendant moved, *inter alia*, to vacate the stipulation of settlement and to restore the case to the trial calendar. Plaintiffs, in turn, cross-moved to enforce the stipulation. Supreme Court, *inter alia*, denied defendant's motion and ordered that the boundary line be enforced according to the terms of the stipulation. Defendant appeals.

We affirm. "Stipulations of settlement are favored by the courts and not lightly cast aside" (*Hallock v State of New York*, 64 NY2d 224, 230). "[S]trict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and the integrity of the litigation process" (*id.*). Consequently, "[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*id.*; *see*, *Hillcrest Realty Co. v Gottlieb*, 234 AD2d 270, 271; *Citibank v Rathjen*, 202 AD2d 235, *lv dismissed* 84 NY2d 850; *Matter of Janet L. [Gillray L.]*, 200 AD2d 801, 803, *lv dismissed in part, denied in part* 83 NY2d 941).

In the case at hand, defendant argues, *inter alia*, that he misunderstood the location of the rear boundary line as set forth in the stipulation and that, based upon this mistake, the stipulation should be vacated. We find this argument unpersuasive. Defendant was represented by counsel at the time the stipulation was prepared and he agreed to it in lieu of going to trial. His attorney had an opportunity to review the terms of the stipulation to insure that it reflected the parties' mutual understanding and he signed the stipulation indicating that it did so, thereby settling the matter. The fact that defendant or his attorney later discovered that the stipulation purportedly did not describe the rear boundary line as defendant wished does not, in our review, provide a basis for vacating the stipulation under the circumstances presented. Accordingly, we find no reason to disturb Supreme Court's order. We have considered defendant's remaining claim and find it to be unavailing.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.