■ Douglas French et al., Individually and as Parents of Joseph French, an Infant, Respondents, v John Quinn et al., Appellants. [663 NYS2d 127] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Best, J.), entered April 4, 1996 in Montgomery County, which, *inter alia*, enforced a stipulation of settlement entered into between the parties, and (2) from the judgment entered thereon.

The parties are owners of adjoining properties in the City of Amsterdam, Montgomery County. As a result of allegations that defendants' automobile repair business caused noxious fumes to emanate onto their property causing personal and property damages, plaintiffs commenced an action sounding in, *inter alia*, negligence, trespass and nuisance against defendants. Prior to the trial, the parties entered into a stipulation of settlement on the record in open court (*see,* CPLR 2104). Referencing a June 1991 survey prepared by C.T. Male Associates, the parties agreed that the shaded triangular parcel of land depicted on the survey "will be owned by these parties with the [p]laintiffs * * * owning the northerly one-half of that triangle and the [d]efendant[s] * * * own[ing] the southerly one-half of the triangle", with defendants' attorney specifically noting that the line of demarcation was to run from the apex of the triangle to an equal division line on Clizbe Avenue. Pursu-

ant to the stipulation, plaintiffs' surveyor would physically divide the Clizbe Avenue frontage by placing a stake in the middle of it and then prepare a legal description of the resultant two parcels. In the event that a disagreement "as to the location of that survey stake" arose, defendants' attorney was to notify plaintiffs' attorney "immediately" to resolve the dispute. It was agreed that the legal descriptions were subject to approval by defendants' surveyor and that, upon such agreement, the parties would execute quitclaim deeds and general releases to each other. Defendants also agreed to install a six-foot wooden fence on the property and pay plaintiffs' attorney $1,500 in legal fees.

In April 1995, approximately six months after the stipulation of settlement, plaintiffs moved to compel defendants to comply with its terms. In May 1995, plaintiffs sought to hold defendants in contempt for their willful failure to comply with the stipulation and for a judgment based on the stipulation. Withholding consideration of the contempt application, Supreme Court ordered defendants to comply with the settlement and entered a judgment in favor of plaintiffs' counsel for $1,500, prompting this appeal.

We affirm. It is beyond cavil that stipulations of settlement will not be lightly cast aside particularly where, as here, they are made in open court (*see, Hallock v State of New York*, 64 NY2d 224, 230; *Matter of Dolgin Eldert Corp. v Dolgin*, 31 NY2d 1, 10; *McClain Realty v Rivers*, 144 AD2d 216, 217, *lv dismissed* 73 NY2d 995). Only in the event of fraud, collusion, mistake or accident will a party be relieved from the consequences of an in-court stipulation (*see, Robison v Borelli*, 239 AD2d 656; *Javarone v Pallone*, 234 AD2d 814, *appeals dismissed* 89 NY2d 1030, 90 NY2d 884). Defendants have wholly failed to set forth sufficient grounds to set aside the stipulation of settlement; accordingly, they are bound by it (*see, Robison v Borelli, supra*).

It is undisputed that plaintiffs had a survey prepared by Michael Contino one week after the stipulation of settlement in which the division of the parcel is clearly marked. It is also undisputed that plaintiffs' counsel forwarded quitclaims deeds to defendants' counsel on November 4, 1994 which were not signed or returned as of April 28, 1995. Pursuant to the clear terms of the stipulation, defendants' surveyor was only required to approve the location of the stake and subsequent legal description of the division of the triangular parcel of property. Significantly, the legal description appears to divide the parcel as it is indicated on the June 1991 survey. In opposing

the motion to compel, defendants do not take issue with the actual legal description prepared by Contino nor do they dispute that the survey is actually based on the June 1991 survey. Rather, defendants merely argue that their own "surveyor"* believes that the June 1991 survey is inaccurate and that Contino "perpetuates" the inaccuracy. The alleged opinion of defendants' surveyor and their reliance thereon, however, are irrelevant in light of defendants' express reference to the June 1991 survey in the stipulation of settlement. In short, the time to dispute the adequacy of that survey has long since passed. Defendants, with counsel, entered into a stipulation of settlement in open court based upon the June 1991 survey. Subsequent to the stipulation, no surveyor on their behalf objected to the placement of the stake or Contino's legal description of the resultant parcels.

While a contract entered into under a mutual mistake of fact is voidable and subject to rescission (see, Matter of Gould v Board of Educ., 81 NY2d 446, 453), the mutual mistake must exist at the time the contract is entered into and must be substantial. Defendants' alleged misunderstanding of the location of the boundary lines as described in the stipulation is not a mutual mistake and does not provide a basis for vacating the stipulation (see, Robison v Borelli, supra). We are similarly unpersuaded by defendants' claim that an unfulfilled condition precedent bars enforcement of the stipulation.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the order and judgment are affirmed, with costs.

---

* The only evidence of the opinion of defendants' surveyor is a May 30, 1995 letter from Chris Sheridan to their attorney in which he indicates, inter alia, that he "can be of no assistance in this matter" due to his State employment.