■ B.U.D. SHEETMETAL, INC., Plaintiff, v MASSACHUSETTS BAY INSURANCE COMPANY, Respondent, and JEFFREY COLE, Proposed Intervenor-Appellant. [670 NYS2d 228] —Spain, J. Appeal from an order of the Supreme Court (Harris, J.), entered July 26, 1996 in Albany County, which denied a motion by Jeffrey Cole to, *inter alia*, intervene.

In a related action, Jeffrey Cole commenced a negligence action against, among others, plaintiff, B.U.D. Sheetmetal, Inc. (hereinafter B.U.D.), for recovery of damages for injuries he allegedly incurred as a result of his exposure to toxic fumes in January 1991. As a result of that action, B.U.D. commenced this declaratory judgment action against its insurer defendant, Massachusetts Bay Insurance Company (hereinafter MBIC), seeking a declaration that B.U.D. was entitled to a defense and indemnification coverage in the underlying action; MBIC had previously disclaimed liability and denied coverage. After issue was joined in the instant action, B.U.D. moved and MBIC cross-moved for summary judgment. Supreme Court denied B.U.D.'s motion, granted MBIC's motion and dismissed the action. That decision and order was dated March 21, 1995; notably, no appeal was taken from that order. Thereafter, in January 1996 Cole moved to vacate the order and, in the alternative, moved to intervene in the declaratory judgment action. MBIC opposed the motion. Supreme Court, in a well-reasoned decision, denied Cole's motion. Cole appeals.

We affirm. Initially, we reject Cole's contention that Supreme Court improperly denied his motion to vacate the order. CPLR 5015 (a) provides that a court may vacate one of its orders upon the grounds of excusable default, newly discovered evidence, fraud, lack of jurisdiction or reversal of a prior order upon which it was based. Furthermore, a court has the inherent power to vacate an order in the interest of justice (*see, Ladd v Stevenson*, 112 NY 325; *see also, Paramount Communications v Gibraltar Cas. Co.*, 212 AD2d 490, *affd* 90 NY2d 507; *Matter of Abbott v Conway*, 148 AD2d 909, *lv denied* 74 NY2d 608). Here, Cole moved to vacate Supreme Court's prior order alleging that he was an "interested person" in the action and claiming that vacatur was warranted in the interest of justice. Supreme Court rejected the notion that vacatur was warranted in the interest of justice, finding that "Cole was, or should have been aware as early as 1994 that a declaratory judgment action could result in a finding potentially adverse to his interest, yet Cole took no action to intervene". The record

reveals that Cole was aware of the declaratory judgment action no later than April 20, 1994; significantly, however, he made no attempt to intervene until January 1996. Aware that the declaratory judgment action was pending and aware that the outcome could have a direct impact upon his interests, Cole should have taken steps to protect those interests in a more timely fashion and he has not articulated any reasonable excuse for his delay (*see, Cox v Lynch*, 206 AD2d 401).

Furthermore, Supreme Court properly determined that vacatur was not required in the interest of justice based upon its conclusion that MBIC was not required to indemnify or defend B.U.D. in Cole's underlying action. The insurance contract purchased by B.U.D. for coverage from MBIC contained a pollution exclusion clause which the court concluded was clear and unambiguous. Where the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court (*see, Town of Harrison v National Union Fire Ins. Co.*, 89 NY2d 308, 315); furthermore, clear and unambiguous pollution exclusions should be given full effect (*see, State of New York v Capital Mut. Ins. Co.*, 213 AD2d 888, *lv denied* 86 NY2d 702) and if, as a matter of law, an insurer is excepted from coverage, summary judgment should be granted (*see, Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304). Upon our review of the record, we agree with Supreme Court that the product introduced at Cole's worksite in 1991 was a pollutant, as defined in the pollution exclusion clause of the insurance policy; therefore, summary judgment was properly granted.

Finally, we conclude that Supreme Court properly denied Cole's motion to intervene. Intervention is available to an interested party upon a timely motion "[w]hen the representation of the person's interest by the parties is or may be inadequate" (CPLR 1012 [a] [2]; *see, Rectory Realty Assocs. v Town of Southampton*, 151 AD2d 737). Here, Cole was informed about the pending declaratory judgment action no later than April 20, 1994; however, he waited 21 months before bringing the instant motion. Cole's argument that his motion was timely because neither B.U.D. nor MBIC informed him of the pending summary judgment motions or invited him to intervene in the action lacks merit. Moreover, in light of our conclusion that Supreme Court properly gave the pollution exclusion in the policy full effect, Cole has not established that, had he been permitted to intervene, the result would have been any different.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.