■ ROBERT STEFANOVICH et al., Respondents, v GASTON BOIS-VERT et al., Appellants. [705 NYS2d 436] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 8, 1999 in Washington County, which amended a prior order of the court.

The underlying action has its genesis in a boundary dispute between plaintiffs and defendants, who own neighboring parcels of land in the Town of White Creek, Washington County. In July 1993, plaintiffs commenced this action setting forth causes of action sounding in trespass, nuisance and intentional tort and seeking a judgment pursuant to RPAPL article 15 determining the parties' respective rights as to the land in question. Following service of amended pleadings and various motions, the matter proceeded to trial in February 1998, during the course of which the parties entered into an oral stipulation of settlement. Supreme Court ultimately reduced the oral stipulation to an order entered in July 1998, which, *inter alia*, established a common boundary line, directed the parties to execute the attached boundary agreement and ordered plaintiffs to pay defendants $8,500.[1]

Plaintiffs thereafter moved by order to show cause to have defendants held in contempt for failing to abide by the terms of the July 1998 order. Defendants opposed the application

---

1. For purposes of this decision, the terms "stipulation of settlement" and "July 1998 order" are used interchangeably.

contending, for the first time, that the previously agreed-upon boundary line blocked access to their driveway. By order entered October 8, 1998 Supreme Court, *inter alia*, relocated the boundary line and ordered plaintiffs to pay defendants the reduced sum of $6,000. Pursuant to the terms of the boundary agreement attached thereto, plaintiffs were granted a permanent easement of ingress and egress over a portion of what Supreme Court determined to be defendants' land. Defendants now appeal.

Although the order from which this appeal is taken reflects that counsel for the parties appeared before Supreme Court on two occasions in August 1998, the record is silent as to precisely what transpired at such conferences. Specifically, the record offers no insight as to how plaintiffs' motion to have defendants held in contempt for failing to comply with the terms of Supreme Court's July 1998 order ultimately resulted in a substantial modification of the parties' prior agreement as to the location of the boundary line. Whatever the rationale for such modification may have been, however, we agree with the parties that Supreme Court's October 1998 order must be vacated.

If, as plaintiffs contend,[2] Supreme Court *sua sponte* modified the terms of the parties' prior agreement as to, *inter alia*, the location of the boundary line, it plainly lacked the authority to do so. If, on the other hand, we view defendants' submissions on the contempt motion as containing a request to modify the July 1998 order,[3] the record plainly reveals that there simply was no valid basis for doing so. In this regard, the law is well settled that "[o]nly in the event of fraud, collusion, mistake or accident will a party be relieved from the consequences of an in-court stipulation" (*French v Quinn*, 243 AD2d 792, 793, *lv dismissed* 91 NY2d 1002). Although defendants ultimately argued before Supreme Court that the boundary line was incorrectly located, a review of the record as a whole reveals that defendants simply had a change of heart and decided that they no longer wished to comply with the terms of the stipulation or execute the previously agreed-upon boundary agreement. Neither defendants' change of heart nor their belated attempt to argue a mistake as to the location of the boundary line provides a valid basis for modifying the terms of the stipulation of settlement (*see, id.*, at 794; *Robison v Borelli*, 239 AD2d 656, 657).

---

**2.** Although plaintiffs have not cross-appealed for relief from Supreme Court's October 1998 order, they do not oppose defendants' request to have such order vacated.

**3.** Although defendants did not cross-move to modify or vacate the July 1998 order, they did request that Supreme Court relocate the boundary line.

Moreover, even assuming that there indeed was a legitimate basis upon which to modify the July 1998 order, there is nothing in the record to reflect any subsequent "agreement" between the parties with respect to the key provisions of Supreme Court's October 1998 order. Defendants argue that they never agreed to grant plaintiffs a permanent easement or to accept the reduced sum awarded by Supreme Court, and plaintiffs assert that they did not request any of the relief awarded in the October 1998 order. Finally, even assuming that counsel for the parties negotiated the terms of the October 1998 order, defendants assert that their attorney was acting outside the scope of his authority in doing so—a fact that plaintiffs do not contest on appeal.

In short, whatever deficiencies may exist in the record on this point, it is clear that Supreme Court's October 1998 order was invalid and cannot stand. That being the case, and in view of the fact that the record discloses no basis for vacating Supreme Court's July 1998 order as well, the parties are bound by the terms of that order and the boundary agreement annexed thereto. Defendants' remaining arguments have been examined and found to be lacking in merit.

Mercure, J. P., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is reversed, on the law, without costs, and order vacated.