■ CONCETTA BELARDO, Appellant, v FULMONT MUTUAL IN-SURANCE COMPANY, Respondent. [706 NYS2d 499] —Peters, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered March 4, 1999 in Albany County, which granted defendant's motion for summary judgment.

James Tate owned property located in the Town of Colonie, Albany County. Upon his default of a second mortgage, the bank foreclosed and plaintiff purchased the property at a foreclosure sale. Tate, who continued to remain on the property, was given the option to either pay rent or vacate. When he failed to exercise either option, plaintiff commenced an eviction proceeding. Prior to Tate vacating as a result of such proceeding, it is alleged that he took various items from the premises including kitchen cabinets, bathroom fixtures, pool equipment, lights and possibly a hot water heater.

Plaintiff sought to collect on her insurance policy with defendant which, *inter alia*, provided coverage for vandalism and burglary damage. Defendant denied coverage for a loss caused "by property taken by burglars" by letter dated May 24, 1994. When it was later determined that part of the damages might, in fact, be covered by the terms of the policy, defendant paid plaintiff $6,000 conditioned upon her execution of a release for any and all claims for vandalism and criminal mischief which might emanate from these acts.

In September 1996, plaintiff commenced this declaratory judgment action asserting that her claims of larceny and burglary should have been included under either the vandalism or burglary damage provisions of the subject insurance policy. Defendant sought a summary dismissal of the complaint by relying upon the terms of the general release. The vandalism and burglary damage provisions of the policy to which the release refers indicate that such provisions "do[ ] not cover loss of prop-

erty taken by burglars." Supreme Court granted defendant's motion, prompting this appeal.

We affirm. Concerning plaintiff's contention that the release should be set aside to allow for further coverage under the vandalism clause, we find an arguable basis for denying coverage (see, Redcross v Aetna Cas. & Sur. Co., 260 AD2d 908, 913) and a failure to have raised any viable issue that the agreement was procured by duress, illegality, fraud or mutual mistake (see, Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 616). "[A]s the 'language of the release is clear, effect must be given to the intent of the parties as indicated by the language employed'" (id., at 616, quoting Matter of Schaefer, 18 NY2d 314, 317).

We similarly reject any contention that coverage could have been provided under the "burglary damage clause" since such clause specifically states that only property damaged by burglars, not property taken by burglars, will be covered. Finding no ambiguity in the terminology employed, rendering the issue to be a matter of law which can be decided by us upon review (see, Harrigan v Liberty Mut. Fire Ins. Co., 170 AD2d 930, 931), we find no basis upon which coverage should have been provided. As the "liability of an insurer cannot be extended beyond the express terms of the contract" (Matter of New York Cent. Mut. Fire Ins. Co. [Prehoda], 231 AD2d 829, 830) and since plaintiff has failed to raise any triable issue to refute defendant's showing of its entitlement to summary judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557), we affirm.

Cardona, P. J., Mercure, Graffeo and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.