■ PAMELA ADALIAN et al., Appellants, v STUYVESANT PLAZA, INC., et al., Respondents. [733 NYS2d 739] —Rose, J. Appeals (1) from an order of the Supreme Court (Canfield, J.), entered August 30, 2000 in Rensselaer County, which denied plaintiffs' motion to vacate a release and stipulation of discontinuance, and (2) from an order of said court, entered December 4, 2000 in Rensselaer County, which, *inter alia*, denied plaintiffs' motion for reconsideration.

Plaintiffs commenced this action for personal injuries allegedly sustained by plaintiff Pamela Adalian on defendants' premises. During its pendency, plaintiffs filed a petition in bankruptcy and Bankruptcy Court appointed Seymour Fox P. C., plaintiffs' attorney in the action, as special counsel to prosecute the personal injury claim on behalf of the bankruptcy estate. Thereafter, following settlement negotiations conducted

by that counsel, plaintiffs agreed to settle the action for $175,000 and executed a release of their claims. Bankruptcy Court then ruled that the settlement would be approved and its proceeds made available to creditors unless plaintiffs paid all creditors' claims with interest and all administration fees and expenses to the Trustee. After plaintiffs made that payment, Bankruptcy Court issued an order abandoning the estate's interest in the personal injury claim and leaving distribution of the settlement proceeds to Supreme Court. Plaintiffs then retained new counsel and moved to vacate the release. When Supreme Court denied plaintiffs' motion as well as their application for reconsideration, plaintiffs appealed. We now affirm.

Plaintiffs' initial contention, that their release is invalid because they, as debtors in bankruptcy, lacked the authority to settle the action, is untenable. Although the Trustee had to be a proponent of plaintiffs' settlement in order to obtain court approval (see, *Matter of Del Grosso*, 106 Bankr 165, 167-168; *Matter of Sherman Plastering Corp.*, 340 F2d 915, 918), the Trustee's authority would have upset their settlement only if the Trustee had refused to propose it to Bankruptcy Court. Here, the Trustee's cooperation and the necessity of court approval were both dispensed with when plaintiffs themselves arranged for the estate to abandon its interest in the personal injury claim. Thus, plaintiffs' status as debtors did not affect the validity of their release. Since court approval became unnecessary, there simply is no basis for plaintiffs' alternate argument that the settlement was invalid because Bankruptcy Court denied or withheld its approval.

Plaintiffs further argue that their release should have been vacated because it was executed under duress and undue influence, and because of a mutual mistake concerning their capacity to enter into the settlement. A signed stipulation of settlement or release generally " 'will not be lightly cast aside' " (*Matter of Evans v Board of Assessment Review*, 284 AD2d 753, 754, quoting *French v Quinn*, 243 AD2d 792, 793, lv dismissed 91 NY2d 1002; see, *Belardo v Fulmont Mut. Ins. Co.*, 271 AD2d 837, 838) and will be set aside only upon a showing " 'sufficient to invalidate a contract, such as fraud, collusion, mistake or accident' " (*Robison v Borelli*, 239 AD2d 656, 657, quoting *Hallock v State of New York*, 64 NY2d 224, 230). It is well settled also that "[i]n order to prove legal duress, a party must adduce evidence that a wrongful threat precluded the exercise of the party's free will" (*Cavalli v Cavalli*, 226 AD2d 666, 667; see, *Heimuller v Amoco Oil Co.*, 92 AD2d 882, 884). Despite

plaintiffs' conclusory allegation that they were unfairly pressured to settle their action, we find no substantiation of this claim in the record, particularly in light of special counsel's uncontradicted account of the events leading up to execution of the release.

As for plaintiffs' claim of mutual mistake, we note that such mistake must be so substantial that the resulting agreement does not represent a true meeting of the minds of the contracting parties (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453). Here, plaintiffs allege no mistaken belief as to either the injuries covered by the release or the amount to be paid in settling their claims (*cf., Hayes v Lipinski*, 239 AD2d 835). Given the parties' meeting of the minds as to the essential terms of the settlement, the mere fact that Bankruptcy Court had to either approve the settlement or abandon the estate's claim before the settlement could become effective does not establish a substantial mutual mistake.

Finally, we reject plaintiffs' argument that Supreme Court should have granted their motion for reconsideration. Since their motion cannot reasonably be viewed as one to renew because no new facts were presented (*see, Wagman v Village of Catskill*, 213 AD2d 775, 775-776), we deem it to be one to reargue, the denial of which is not appealable (*see, Matter of Pravda v New York State Dept. of Motor Vehicles*, 286 AD2d 838; *Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order entered August 30, 2000 is affirmed, with costs. Ordered that the appeal from the order entered December 4, 2000 is dismissed.