■ In the Matter of ANN K. FLYNN, Respondent, v PAUL E. ROCKWELL, Appellant. [742 NYS2d 735] —Mugglin, J. Appeals (1) from an order of the Family Court of Rensselaer County (Griffin, J.), entered June 28, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of a prior order of support, and (2) from an order of said court, entered June 28, 2001, which granted petitioner's application for counsel fees.

Petitioner and respondent were married in 1944 and divorced in 1973. The divorce decree directed respondent to pay permanent alimony in the amount of $350 per week. Supreme Court did not retain exclusive jurisdiction of this issue and subsequent petitions for modifications have occurred in Family Court. The record reflects that respondent successfully obtained at least one downward modification subsequent to which he paid $125 per week. Petitioner's 1985 application for an upward modification resulted in a stipulation by the parties that alimony would be increased to $725 per month, but would be reduced by petitioner's Social Security benefits once she received them. This stipulation was not incorporated into the court's modification order. Petitioner started receiving Social Security benefits at age 62 in 1986. In 1989, respondent, asserting that petitioner reached age 65 and was receiving Social Security benefits, filed a petition seeking reduction in his alimony payment by the amount of the Social Security received by petitioner. This petition was subsequently withdrawn. In 2000, petitioner applied for an upward modification of alimony. In his answer and cross petition, respondent sought reduction of his alimony payments because of the Social Security credit stipulation and recovery of $66,000 in alleged alimony overpayments. Family Court dismissed the cross petition without a hearing, granted petitioner an upward modification of alimony to $1,525 per month and subsequently awarded counsel fees to petitioner based upon a written submission. Respondent appeals.

The first issue we address is the upward modification of alimony. This 1973 divorce is governed by Domestic Relations Law § 236 (A), and the applicable standard for modification requires "a clear and convincing showing of a substantial change in circumstances" (*Matter of Hermans v Hermans*, 74 NY2d 876, 878; *see, Matter of Vitek v Vitek*, 170 AD2d 908, 908; *Matter of Kronenberg v Kronenberg*, 101 AD2d 951, 951). Respondent seizes on the language in *Matter of Hermans v Hermans* (*supra*), which requires a comparison of the personal and financial circumstances of the parties "both at the time of the original divorce settlement and at the present time" (*id.* at 878). Since the financial circumstances of the parties at the time of the divorce are absent from this record, respondent argues that there was no basis upon which Family Court could order an upward modification. Family Court did, however, make a comparison of the personal and financial circumstances of the parties at the time of the last modification of alimony and the present time. We hold that respondent's argument based on the quoted language is misapplied since that case ap-

pears to have been decided on the occasion of the initial application for modification, not a subsequent modification. We further hold that Family Court did not abuse its discretion in making the personal and financial comparisons from the date of the last modified order, a time obviously more relevant to its determination than when the parties were initially divorced.

While an upward modification may not be based solely on respondent's improved financial circumstances, his circumstances can be compared to petitioner's decreased income and resources (see, Dunn v Dunn, 124 AD2d 309, 310; Matter of Johnson v Johnson, 95 AD2d 893, 893). Petitioner's proof not only demonstrated that her income has decreased because she can no longer maintain part-time employment because of hip replacement surgery, but she has other medical problems, her health insurance does not cover her prescription drugs, which cost her approximately $140 per month, and her daily living expenses have increased. In the meantime, respondent's personal income has more than tripled (from $60,982 in 1985 to $207,484 in 1998) and he has accumulated Individual Retirement Accounts and other assets worth at least $500,000. On this record, we conclude that Family Court did not abuse its discretion in finding the necessary legal predicate for an upward modification.

We next address the dismissal of respondent's cross petition. In a footnote to the decision, the Hearing Officer determined, after observing that it would be "manifestly unfair" to allow respondent to retroactively amend the 1985 order, that respondent waived the right to do so when he withdrew his 1989 application. Family Court, in sustaining this finding of waiver, observed that the doctrine of laches also precluded respondent from seeking redress of this issue. On this appeal, petitioner additionally asserts that respondent is barred by the six-year contract statute of limitations from seeking enforcement of the stipulation.

First, "[d]elay alone does not establish laches * * *; rather, the delay must result in prejudice to the party now seeking to invoke the doctrine" (Matter of Roth v S & H Grossinger, 284 AD2d 746, 748 [citation omitted]; see, Meyer v Meyer, 74 AD2d 945, 946, appeal dismissed 50 NY2d 1056). Obviously, petitioner has been benefitted by not having alimony reduced by her receipt of Social Security and, thus, she may not invoke the doctrine of laches to bar respondent's cross petition. In addition, "[s]tipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230). Such stipulations are governed by contract

law principles and a party will be relieved from the terms of the stipulation only if there is a "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident" (*id.* at 230; *see, French v Quinn,* 243 AD2d 792, 793, *lv dismissed* 91 NY2d 1002; *Robison v Borelli,* 239 AD2d 656, 657). Two observations must be made with respect to petitioner's argument that this 1985 "contract" is barred by the statute of limitations found in CPLR 213 (2). Petitioner did not plead this affirmative defense (*see,* CPLR 3018 [b]) and, since it was not raised in Family Court, the issue has not been preserved for our review (*see, Matter of Puff v Jorling,* 188 AD2d 977, 981).

As a final point on this issue, we find no basis for a court to, sua sponte, dismiss an application for amendment of a prior order. Notably, petitioner did not plead the defenses of equitable estoppel, waiver or laches (*see,* CPLR 3018 [b]) and, to obtain dismissal of a cause of action based on such a defense, a motion is necessary (*see,* CPLR 3211 [a] [5]). Moreover, " '[a] waiver is "the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it" ' " (*England v Nettesheim,* 222 AD2d 825, 827, quoting *Werking v Amity Estates,* 2 NY2d 43, 52, *appeal dismissed* 353 US 933, quoting Whitney, Contracts, at 273 [4th ed]). Without a hearing, we cannot determine the correctness of Family Court's conclusion that respondent waived enforcement of the stipulation.

Lastly, with respect to the award of counsel fees, we disagree with respondent's contention that petitioner's application was not timely. Petitioner asked for counsel fees in her petition and again on counsel's summation. The Hearing Officer specifically reserved petitioner's right to submit a posthearing application for counsel fees. Under such circumstances, the request is timely (*see, Matter of Buono v Fantacone,* 252 AD2d 917, 918; *Gilmore v Gilmore,* 138 AD2d 347, 347, *lv dismissed* 73 NY2d 809). Nevertheless, even though respondent did not object to petitioner's request, the record does not contain a stipulation consenting that fees be determined on the basis of written submissions only. Absent such a stipulation, the award of counsel fees was erroneous (*see, Carlson-Subik v Subik,* 257 AD2d 859, 862).

Mercure, J.P., Carpinello and Lahtinen, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as dismissed respondent's cross petition without a hearing and as awarded counsel fees without a hearing; matter remitted to the Family Court of Rensselaer County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.