■ EARL E. SPRINGER et al., Respondents, v JOHN WINNEY et al., Appellants. [743 NYS2d 902] —Rose, J. Appeal from an order of the Supreme Court (Best, J.), entered January 3, 2001 in Fulton County, which, inter alia, denied defendants' motion to set aside a stipulation of settlement.

Plaintiffs brought this action pursuant to RPAPL article 15 to obtain a judgment determining the parties' respective rights to certain real property. On the trial date and in the presence of defendant John Winney, counsel for the parties entered into an open-court stipulation of settlement on the record. In the stipulation, defendants agreed to convey any interest they had in the disputed property by a quitclaim deed and pay $1,500 in exchange for release of all claims asserted by plaintiffs. Later, defendants refused to deliver the agreed-upon deed and moved to set aside the stipulation. Supreme Court denied defendants' motion, ordered them to execute a quitclaim deed, and granted plaintiffs a money judgment in the amount of $1,500. Defendants now appeal.

Defendants contend that Supreme Court erred in not setting aside the stipulation because they were not allowed to examine plaintiffs' proof of ownership, an alleged unfulfilled condition precedent to their agreement. They also fault Supreme Court for failing to confirm with them the stipulation's terms, which they claim they did not understand or intend to enter into. Because our review of the record reveals no valid grounds for setting aside the stipulation, we disagree.

Courts favor stipulations of settlement and will not lightly set them aside, particularly when they are entered in open court (*see*, CPLR 2104; *Hallock v State of New York*, 64 NY2d 224, 230; *French v Quinn*, 243 AD2d 792, 793, *lv dismissed* 91 NY2d 1002; *Robison v Borelli*, 239 AD2d 656, 657). " '[O]nly in the event of fraud, collusion, mistake or accident will a party be relieved from the consequences of an in-court stipulation' " (*Stefanovich v Boisvert*, 271 AD2d 727, 728, quoting *French v Quinn, supra* at 793). Here, defendants' belated assertion that the stipulation was conditioned upon presentation of plaintiffs' proof of ownership of the subject property is insufficient to support such a finding. The transcript of the in-court stipulation includes no such condition, and the record reflects that, at a later conference, defendants' counsel represented to Supreme Court that Winney had conferred with plaintiffs' surveyor regarding the source of plaintiffs' title before agreeing to settle. Moreover, at the time of the settlement, neither Winney nor his counsel disclosed any limitation on counsel's actual authority to enter the stipulation (*see*, *Hallock v State of New York*, *supra* at 230-231; *Newman v Holland*, 178 AD2d 866, 867). Nor was that authority negated by Supreme Court's failure to elicit Winney's express assent to the stipulation, as such inquiry was not mandated here (*see*, CPLR 2104).

Accordingly, Supreme Court properly denied defendants' motion to set aside the stipulation and directed them to comply with its terms.

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the order is affirmed, with costs.