■ In the Matter of ROBERT C. BUCKLES, Respondent, v COUNTY OF SULLIVAN et al., Appellants. (And Another Related Proceeding.) [769 NYS2d 641]—

Lahtinen, J. Appeals (1) from a judgment of the Supreme Court (Williams, J.H.O.), entered November 18, 2002 in Sullivan County, which, inter alia, granted petitioner's applications, in two proceedings pursuant to RPTL article 7, to invalidate the real property tax assessments imposed on a portion of petitioner's property, (2) from a judgment of said court, entered December 2, 2002 in Sullivan County, which awarded petitioner damages against respondents County of Sullivan and Town of Thompson, and (3) from a judgment of said court, entered December 2, 2002 in Sullivan County, which awarded petitioner damages against respondent Village of Monticello.

In the mid-1980s, an entity known as Modern Dimensions purchased two adjoining parcels of real property in Sullivan County with the apparent intent of eventually creating a residential subdivision. A small portion of one parcel was, in fact, developed, leaving parcels of approximately 13.26 acres and 3.4 acres, which had tax map numbers of 109-1-25.11 and 109-1-1, respectively. Modern Dimensions obtained a mortgage in 1990 that covered, as relevant here, the entire 13.26 acres of parcel 109-1-25.11 and a contiguous 2.28-acre portion of parcel 109-1-1. Modern Dimensions failed to make its mortgage payments resulting in foreclosure and, in August 1993, petitioner and his son (hereinafter collectively referred to as the Buckleses)[1] purchased the premises from the bank, taking title to the 15.54 acres of vacant land under a single deed. The sale to the Buckleses had the effect of splitting parcel 109-1-1 into two parcels, a 2.28-acre parcel owned by the Buckleses and a 1.12-acre parcel still owned by Modern Dimensions. However, as acknowledged in the testimony of a representative from the Sullivan County Real Property Tax Service Agency (hereinafter RPTSA), that office failed to discern the splitting of the parcel when it received the deed to the Buckleses. The Buckleses paid taxes on parcel 109-1-25.11, ostensibly believing that it encompassed the entire property they had purchased.

---

1. Petitioner and his son made several transfers of the property between themselves which are not particularly germane herein and, thus, for purposes of simplicity, the property will simply be referred to as owned by the Buckleses.

In December 1994, the remaining 1.12 acres of parcel 109-1-1 was sold by Modern Dimensions to Selma Patton and, upon receipt of that deed, the RPTSA realized that the parcel had been previously split. In January 1995, the RPTSA updated the tax map to show the split and assigned number 109-1-1.2 to the 2.28-acre portion that had been purchased by the Buckleses and assigned number 109-1-1.1 for the portion owned by Patton. Upon learning of the splitting of former parcel 109-1-1 into two parcels and after receiving a request to apportion taxes on the parcel from an attorney involved in the Patton transaction (*see* RPTL 932), the assessor for respondent Town of Thompson in Sullivan County apportioned the unpaid taxes from 1993 and 1994 between Patton and the Buckleses.

The apportioned unpaid taxes from 1993 and 1994 appeared on the tax assessment of the Buckleses for 1995 and 1996. Petitioner commenced RPTL article 7 proceedings in 1995 and 1996 challenging, among other things, the assessment to him of taxes for parcel 109-1-1.2. While the petitions were pending, petitioner entered into an installment agreement in October 1997 setting forth a payment schedule for the back taxes, interest and penalties. In January 2001, Supreme Court (Kavanagh, J.) consolidated the two pending proceedings and granted petitioner permission to amend the petition to add a claim asserting that the manner in which the assessment occurred was unlawful. The matter was assigned to a judicial hearing officer and petitioner and respondents eventually both moved for summary judgment. Finding no legal authority for the fashion in which respondents "backdat[ed]" apportionment for 1993 and 1994 and then "relevied in 1995" an "omitted tax," Supreme Court (Williams, J.H.O.) denied respondents' motion and granted petitioner's motion as to his third cause of action. Supreme Court further found that the procedure employed by respondents failed to afford petitioner due process. Petitioner entered judgments for over $17,000 against respondents. Respondents appeal.

Initially, we briefly address respondents' argument that petitioner should be equitably estopped from challenging the tax assessment because he entered into an installment agreement with respondent Sullivan County in 1997. Respondents did not assert the doctrine of equitable estoppel as a defense in their answers to the amended petition, which were served well after the agreement had been executed (*see Matter of Flynn v Rockwell*, 295 AD2d 672, 675 [2002]). In any event, the proof in the record fails to establish the elements necessary to invoke such doctrine (*see Brelsford v USAA*, 289 AD2d 847, 849 [2001]).

Indeed, petitioner had two petitions pending against respondents at the time that the installment agreement was executed and there is no indication in the agreement that petitioner was compromising in any fashion his right to pursue the pending proceedings.

Respondents assert that the issue regarding parcel 109-1-1.2 was not properly before Supreme Court because the original petitions specifically referenced only parcel 109-1-25.11. It is apparent, however, from reading the petitions that petitioner was challenging what he perceived at that time to be an attempt to add a duplicative assessment (i.e., parcel 109-1-1.2) to parcel 109-1-25.11 and he believed parcel 109-1-25.11 encompassed all the relevant property he owned. The petitions gave respondents sufficient notice of the issues and parcels implicated in the litigation.

Petitioner's failure to file a grievance regarding parcel 109-1-1.2 with the Town's Board of Assessment Review was not, as urged by respondents, a fatal omission. This was not a typical challenge to the value of a parcel. Petitioner was assessed retroactively on property values from two prior years that had been omitted because of an error by the RPTSA and, significantly, he was afforded no avenue to challenge the amount of the assessments upon which he was being taxed.[2] Since a constitutional issue was implicated (*see Matter of McCann v Scaduto*, 71 NY2d 164, 172 [1987]), strict compliance with all the procedural requirements of RPTL article 7 was not necessary (*cf. Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151 [1991]).

Next, we turn to respondents' contention that the third cause of action in the amended petition, which challenged the legality and constitutionality of the assessment and upon which relief was granted, was not asserted in a timely fashion. Supreme Court (Kavanagh, J.) consolidated two original petitions and also granted petitioner permission to serve an amended petition containing the third cause of action. Respondents do not argue that the original petitions were untimely and further do not argue that the court abused its discretion in granting the motion to amend. All the causes of action in the amended petition arise from the same underlying acts by respondents. Under such circumstances, we are not persuaded that the constitutional challenge was untimely (*see* CPLR 203 [f]).

---

**2.** Interestingly, respondents acknowledged that the assessed value dropped significantly between 1995 and 1997 despite no apparent changes on the property. Indeed, a letter from the Sullivan County attorney in 1996 also acknowledged a "real issue" regarding "overassessment." Thus, it is apparent that a viable issue existed as to the proper value of the property.

Respondents' argument that RPTL 932 authorized the assessor's action is unpersuasive. While that statute provides a procedure for apportioning taxes, it does not provide authority to do so retroactively in a fashion that imposes a tax on an individual who had no opportunity to challenge the assessed value of the property. Nor was petitioner obligated, as suggested by respondents, to commence a proceeding prior to 1995 in County Court for apportionment pursuant to RPTL 934. Petitioner had no reason to believe the RPTSA had made an error and that he was not already being taxed on the entire parcel that he had purchased.

We do, however, find merit in respondents' argument that the judgments assessing damages must be reversed. Respondents contend that the issue of liability was to be resolved before damages were addressed and a statement by petitioner's attorney at a conference with Supreme Court (Williams, J.H.O.) confirms an agreement to bifurcate the issues of liability and damages. Moreover, petitioner is entitled to damages only for payments he made for the 1993 and 1994 taxes that were retroactively assessed to him for the parcel currently identified as 109-1-1.2, and there is no competent proof in the record establishing that the judgments entered by petitioner reflect this amount.

Mercure, J.P., Carpinello and Mugglin, JJ., concur. Ordered that the judgment entered November 18, 2002 is affirmed, without costs. Ordered that the judgments entered December 2, 2002 are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.