■ SENATE INSURANCE COMPANY, Appellant, v TAMARACK AMERICAN, a Division of GREAT AMERICAN INSURANCE COMPANY, et al., Respondents, et al., Defendant. [788 NYS2d 481]—

Lahtinen, J. Appeal from an order of the Supreme Court (Keegan, J.), entered October 10, 2003 in Albany County, which granted defendant Tamarack American's motion for summary judgment dismissing the complaint.

This appeal concerns the scope of coverage of a "claims made" professional liability insurance policy. Plaintiff seeks judgment declaring that the policy issued to the law firm of Featherston-haugh, Conway, Wiley & Clyne, LLP (hereinafter Featherston-haugh firm) by American National Fire Insurance Company (hereinafter American National) provided coverage for the purported legal malpractice of defendant Randall J. Ezick for legal services he provided to plaintiff in a 1996 real estate transaction.

From August 1995 to April 1997, Ezick was employed full time by the Lawrence Group, Inc., as that company's general counsel. Lawrence Group was a holding company for various insurance underwriting and agency components, including plaintiff. In 1996, Ezick represented plaintiff when it purchased certain real property in Schenectady County from Barbara Lawrence for $2.6 million. The sale was consummated by quitclaim deed and the seller allegedly loaned the proceeds of the sale to the Lawrence Group rather than paying a substantial mortgage on the property. The Lawrence Group and Barbara

Lawrence reportedly later filed for bankruptcy and plaintiff contends that, because of the lien on the property, it was left with nothing in return for its $2.6 million.

In April 1997, Ezick left the Lawrence Group and affiliated with the Featherstonhaugh firm on an "of counsel" basis. In September 1999, plaintiff commenced the underlying malpractice action against Ezick. Notice of that action was provided by Ezick to defendant Tamarack American, a Division of Great American Insurance Company, which had issued a "claims made" policy by American National to the Featherstonhaugh firm for the period July 1, 1999 to July 1, 2000. Tamarack denied coverage on two grounds. First, that coverage for an attorney "of counsel" to the firm was provided "only to the extent such lawyer performs services on behalf of the Named Insured." Second, that since Ezick rendered services as an employee of a corporation separate from the named insured, his acts fell within a specific exclusion contained in the policy.

Plaintiff commenced the current declaratory judgment action and stipulated in the underlying malpractice action to, among other things, discontinue that action with prejudice in the event that it failed to establish insurance coverage.* Tamarack moved for summary judgment dismissing the complaint based upon the two reasons set forth in its initial denial and upon the additional ground that it was not liable since the policy had been issued by American National and not Tamarack. While noting that all Tamarack's arguments were "seemingly meritorious," Supreme Court granted the motion based upon the policy language with respect to an attorney acting "of counsel." Plaintiff appeals.

We affirm. "Where the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court" (*B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856, 857 [1998] [citation omitted]). While "claims made" policies generally provide coverage for acts brought to the attention of the insurer during the policy term regardless of when the event giving rise to the claim occurred (*see Oot v Home Ins. Co. of Ind.*, 244 AD2d 62, 68 [1998]; *Frederick v Clark*, 150 AD2d 981, 981 [1989], *appeal dismissed* 74 NY2d 892 [1989]), the current policy makes a specific provision otherwise for an attorney acting "of counsel." Section I of the policy defines an insured to include, among others, "each lawyer acting as 'of counsel,' but only to the extent such lawyer performs services on behalf of the [Featherstonhaugh firm]." It is clear that the

---

* Hence, the unusual situation of Ezick arguing before this Court that he is not covered by the insurance policy.

alleged acts or omissions of Ezick that form the basis for the malpractice action occurred prior to the time he affiliated with the Featherstonhaugh firm and were not in any fashion performed on behalf of such firm.

Plaintiff, however, argues that, since the term "of counsel" is not separately defined in the policy, it is not clear whether Ezick can be considered to fall within this classification or whether he should come under coverage provided for employees and members of the firm. This state's Code of Professional Responsibility provides that the term "of counsel" may be used "if there is a continuing relationship with a lawyer or law firm, *other than as a partner or associate*" (Code of Professional Responsibility DR 2-102 [a] [4] [22 NYCRR 1200.7 [a] [4] [emphasis added]; *see* NY St Bar Assn Comm on Prof Ethics Op 773 [2004]). This is in accord with the ordinary and accepted meaning of such term, which is defined as "[a] lawyer who is affiliated with a law firm, though not as a member, partner, or associate" (Black's Law Dictionary 352 [7th ed 1999]). From the time Ezick commenced his affiliation with the Featherstonhaugh firm, he was held out as being "of counsel" in the firm's letterhead and its listings in legal publications. In his affidavit he confirms that his status was "of counsel" when he affiliated with the firm in April 1997 and remained the same thereafter. Finding no ambiguity in the way the term "of counsel" is used in the relevant policy and since the evidence submitted established without contradiction that Ezick acted in that capacity during his entire time with the Featherstonhaugh firm, we agree with Supreme Court's determination.

The remaining issues are academic.

Mercure, J.P., Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with one bill of costs.