■ MARY E. WHITE, Respondent, v MICHELLE G. RHODES, Defendant, and NEW YORK MUTUAL INSURANCE COMPANY, Appellant. [823 NYS2d 786]—

Spain, J. Appeals (1) from an order of the Supreme Court (McCarthy, J.), entered August 8, 2005 in Ulster County, which, inter alia, partially denied the motion of defendant New York Mutual Insurance Company for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered January 5, 2006 in Ulster County, which, upon reargument, adhered to its prior decision.

In this action, plaintiff seeks to recover for property damages sustained when defendant Michelle G. Rhodes, while pulling out

of a parking lot, stepped on her vehicle's gas pedal instead of the brake, lost control of her vehicle and ultimately crashed into one of two, interconnected, above-ground home heating oil storage tanks located on plaintiff's property in the Town of Gardiner, Ulster County. The impact caused the tank to rupture and the fuel oil from both tanks—approximately 500 gallons—to spill out onto plaintiff's land and into her dwelling.

Plaintiff had purchased the property from her mother's estate approximately two months prior to the accident, at which time she obtained a dwelling fire insurance policy with an extended coverage rider from defendant New York Mutual Insurance Company (hereinafter defendant). Following the accident, plaintiff filed a claim. Defendant denied the claim and canceled plaintiff's policy. Plaintiff then commenced this action, seeking to recover for damages caused by the oil contamination, including clean-up costs. Defendant moved for summary judgment and plaintiff cross-moved for summary judgment. Supreme Court partially granted defendant's motion, finding that the insurance policy expressly excluded costs related to extracting pollutants from land and water and, thus, did not cover the cost of the oil clean up on plaintiff's property. The court, however, denied defendant's motion in part based upon the extended coverage which addresses losses associated with vehicle impact.* On reargument, Supreme Court adhered to its decision, clarifying that, under the extended coverage, defendant can be held liable for the loss in market value of the property but not for the costs of clean up. Defendant appeals from both orders.

"Courts must determine the rights and obligations of parties under an insurance contract based on the policy's specific language" and in accordance with the "plain and ordinary meaning" of such language (*State Farm Mut. Auto. Ins. Co. v Glinbizzi*, 9 AD3d 756, 757 [2004] [citations omitted]). Where "an insurance policy's meaning is not clear or is subject to different reasonable interpretations, ambiguities must be resolved in the insured's favor and against the insurer" (*Pepper v Allstate Ins. Co.*, 20 AD3d 633, 635 [2005]). However, " '[w]here the terms of an insurance policy are clear and unambiguous, interpretation of those terms is a matter of law for the court' " (*Senate Ins. Co. v Tamarack Am.*, 14 AD3d 922, 923 [2005], quoting *B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856, 857 [1998]).

It is now undisputed that plaintiff's policy does not cover the

---

* In a prior order which is not a subject of this appeal, Supreme Court granted summary judgment to plaintiff against Rhodes on the issue of liability.

clean-up costs of the oil contamination; the policy language clearly states: *"We* do not pay for these costs: 1) To extract *pollutants* from land or water; or 2) To remove, restore or replace polluted land or water."* Further, the policy specifically states that it does not cover "land, including the land on which the property is located. This includes costs of excavating, removing, grading or filling land, or water in or on that land." However, under the optional, extended coverage purchased by plaintiff, the policy insures: "against direct physical loss or damage by these causes of loss: . . . 6. Vehicles—including loss or damage caused by impact by a vehicle, or an object thrown by it, with the covered property." On appeal, defendant argues that the coverage afforded against "direct physical loss or damage" caused by a vehicle impact does not include the loss of market value to plaintiff's property due to the oil contamination.

Initially, we disagree with defendant's assertion that the vehicle impact clause could not, under any circumstances, cover loss of market value. When resulting from some physical damage to the property caused by a vehicle impact, the loss in market value could be an appropriate measure of the actual, physical damage done to the property. Here, physical damage clearly did occur to the oil tanks and to the ground and ground water when the oil spilled from the tanks; thus, the vehicle impact clause— standing alone—would appear to cover the damage. Contrary to defendant's contention, this interpretation of the policy does not render the pollution exclusion provisions meaningless; in many situations, clean-up costs could well exceed the physical damage to the property caused by the vehicle impact, as measured by a loss in market value.

We do agree, however, that defendant is not liable for the full loss in market value caused by the oil spill. Finding no ambiguity in the relevant language, we hold as a matter of law that the policy expressly excludes damage to land and groundwater; thus, any loss in market value attributable to such damages is not covered (*see Senate Ins. Co. v Tamarack Am., supra* at 923; *Belardo v Fulmont Mut. Ins. Co.,* 271 AD2d 837, 838 [2000]). Accordingly, if a loss in market value is used to measure the damages recoverable by plaintiff, only the loss in market value of the premises which is attributable to damage, if any, to the house, personal property and/or structures on the premises may be considered.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as declared that defendant New York Mutual Insurance Company is liable for damages for the

actual loss to the premises; it is declared that said defendant is liable only for actual damages to the structures and/or personal property on the premises but not for damages stemming from contamination of the ground and groundwater and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

