ROBERT H. HAMILTON et al., Respondents-Appellants, v DAVID MURPHY, Appellant-Respondent. [913 NYS2d 372]—

Peters, J. Cross appeals from an order of the Supreme Court (McGill, J.), entered January 14, 2010 in Clinton County, which, among other things, awarded plaintiffs judgment upon finding defendant in civil contempt.

The parties are owners of properties on Mountaineer Drive in the Town of Ausable, Clinton County. In order to access their respective properties, plaintiffs must travel down Ausable Beach Road and make a sharp, nearly 90-degree turn onto Mountaineer Drive. After defendant placed a large log on the edge of the roadway where Ausable Beach Road and Mountaineer Drive intersect, plaintiffs commenced this action alleging that defendant interfered with their right-of-way over Mountaineer Drive and impeded their ability to freely and safely bring large vehicles, such as boats and campers, down to their properties. In July 2008, the parties, each represented by counsel, entered into a "So-Ordered" stipulation whereby they agreed to settle the dispute. The stipulation established, by reference to an August 2002 survey prepared by Carey Surveying Company, a 16½-foot right-of-way in favor of plaintiffs. As depicted in the 2002 survey, within that right-of-way runs a gravel roadway as well as strips of land that border each side of the gravel road. The stipulation also required defendant to remove all impediments to the right-of-way and refrain from placing any other obstructing obstacles within it.

Defendant thereafter removed the log in compliance with the stipulation, but subsequently installed "no trespassing" metal signs within inches of where the log had been. Plaintiffs then had the right-of-way resurveyed, which located the metal signs within the agreed-upon right-of-way, and sent correspondence along with the resurvey to defendant advising him that his placement of the signs was in violation of the stipulation and requesting that he remove them. When defendant failed to do so, plaintiffs moved to hold him in contempt. Defendant cross-moved to vacate the stipulation and to dismiss plaintiffs Robert H. Hamilton and Patricia J. Hamilton from the action. Supreme Court denied defendant's cross motion and, following an evidentiary hearing, found defendant in civil contempt and ordered him to pay $6,330.24 in fees and disbursements. These cross appeals ensued.*

Supreme Court properly declined to vacate the stipulation.

---

* Defendant's appeal from the May 2009 order denying his motion to vacate was dismissed by this Court on the ground that the right of direct appeal from that order terminated with the entry of the final order (see Matter of Aho, 39 NY2d 241, 248 [1976]). Since the May 2009 order necessarily affected the final order, the issues raised on appeal from that intermediate order are properly

Stipulations of settlement are favored by the courts and will not lightly be set aside (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]; *Springer v Winney*, 295 AD2d 845, 846 [2002]). "Consequently, [o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Robison v Borelli*, 239 AD2d 656, 657 [1997] [internal quotation marks and citations omitted]; *see Canino v Electronic Tech. Co.*, 49 AD3d 1050, 1051 [2008]; *French v Quinn*, 243 AD2d 792, 793 [1997], *lv dismissed* 91 NY2d 1002 [1998]). No such showing has been made here.

Defendant was represented by counsel throughout the settlement negotiations and agreed to the stipulation in lieu of litigating the matter. Both defendant and his attorney had an opportunity to review the terms of the stipulation, as well as the 2002 survey depicting the right-of-way, and correspondence exchanged between the parties prior to its execution clearly reveals that they had a full understanding of the nature, size and location of the right-of-way that they were agreeing to and their respective rights with regard thereto. Defendant asserts that, because the deeds of those plaintiffs which grant the right-of-way do not specify its dimensions, the width of the right-of-way should have been limited to that of the gravel roadway. Yet defendant agreed to a 16½-foot right-of-way and, however improvident he may now view that decision, such second thoughts are insufficient to set aside an otherwise valid agreement (*see Fox v Merriman*, 307 AD2d 685, 686-687 [2003]; *Turk v Turk*, 276 AD2d 953, 955 [2000]; *Robison v Borelli*, 239 AD2d at 657; *Vermilyea v Vermilyea*, 224 AD2d 759, 761 [1996]). Nor do we find merit in defendant's assertion that he was coerced into signing the stipulation due to the threat of legal action that plaintiffs lawfully commenced (*see Matter of Stearns v Stearns*, 11 AD3d 746, 747-748 [2004]). Furthermore, as a stipulation of settlement, being contractual in nature, may create new rights between the parties and/or settle future claims between them, plaintiffs' prior title rights to the right-of-way are irrelevant (*see e.g. Matter of Ossining Urban Renewal Agency v Lord*, 60 NY2d 845, 847-848 [1983]; *Chase Manhattan Bank v State of New York*, 13 AD3d 873, 874 [2004]; *Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 435 [1984]). Thus, defendant is bound by the stipulation.

Nor did Supreme Court abuse its discretion in finding defendant in civil contempt. To warrant such a finding, "it must be

brought up for review on this appeal from the final order (*see* CPLR 5501 [a] [1]).

established that there was a lawful court order in effect that clearly expressed an unequivocal mandate, that the person who allegedly violated the order had actual knowledge of its terms, and that his or her actions or failure to act defeated, impaired, impeded or prejudiced a right of the moving party" (*Beneke v Town of Santa Clara*, 61 AD3d 1079, 1080 [2009] [internal quotation marks and citations omitted]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Town of Copake v 13 Lackawanna Props., LLC*, 73 AD3d 1308, 1309 [2010]).

Here, despite defendant's assertions to the contrary, the so-ordered stipulation is not ambiguous as to the parameters of the right-of-way. It clearly states that the boundaries of the right-of-way are defined by the 16½-foot-wide area outlined in the 2002 survey map, not, as defendant suggests, the gravel roadway which meanders through the right-of-way. Furthermore, each paragraph of the stipulation setting forth the rights and obligations of the parties does so with specific reference to the right-of-way, rather than the gravel road. Plaintiffs demonstrated that the signs installed by defendant were within the boundaries of the right-of-way and impeded their right of free and unobstructed travel to their properties over the right-of-way. Defendant's contention that he did not knowingly violate the stipulation, but rather made an "honest mistake," is belied by evidence of his continued defiance of its directives and refusal to remove the posts even after he was made aware that the surveyor had confirmed that they were located within the right-of-way. Moreover, defendant's claim that he relied upon the advice of counsel in placing the signs was neither developed at trial nor justifies his violation (*see Erie Ry. Co. v Ramsey*, 45 NY 637, 654 [1871]; *Stolts v Tuska*, 82 App Div 81, 84 [1903]; *New York Mail & Newspaper Trans. Co. v Shea*, 30 App Div 374, 377 [1898]). Under these circumstances, we cannot say that Supreme Court abused its discretion in holding defendant in civil contempt.

Finally, we address plaintiffs' challenge to the amount of counsel fees and costs awarded. Where, as here, no actual damages have been established as a result of the contempt, Judiciary Law § 773 permits an aggrieved party to recover those costs and expenses, including reasonable counsel fees, from the offending party which are directly related to the contemptuous conduct (*see Matter of Lembo v Mayendia-Valdes*, 293 AD2d 789, 790 [2002]; *Matter of Daniels v Guntert*, 256 AD2d 940, 942 [1998]). Here, Supreme Court awarded plaintiffs the costs of the resurvey, which was conducted to confirm the contemptuous

location of the metal signs, as well as counsel fees and expenses incurred from the time the hearing was scheduled on the contempt application until the date of its decision and order finding defendant in contempt. Contrary to plaintiffs' assertion, Supreme Court did not abuse its discretion in declining to award the fees and expenses incurred prior to the execution of the stipulation, as well as those related to answering defendant's cross motion and cross complaint, as they were unrelated to the contemptuous conduct. With respect to the costs incurred for the preparation of the contempt motion, which did flow directly from defendant's contemptuous conduct (*see Matter of Meier v Key-Meier*, 36 AD3d 1001, 1004 [2007]; *Matter of Ahmad v Naviwala*, 14 AD3d 819, 821 [2005], *lv dismissed* 5 NY3d 783 [2005]), the court explicitly stated in the order that it was awarding these costs to plaintiffs, but neither specified the amount thereof nor included them as part of the judgment awarded. Thus, we remit the matter to Supreme Court for a recalculation of counsel fees and disbursements so as to include all costs incurred by plaintiffs in preparing the contempt motion.

The parties' remaining contentions, to the extent not specifically addressed herein, have been fully reviewed and found to be unpersuasive.

Mercure, J.P., Rose, Malone Jr. and Egan Jr., JJ., concur. Ordered that the order is modified, on the facts, by reversing so much thereof as awarded plaintiffs counsel fees and disbursements in the amount of $4,251.24; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.