■ In the Matter of JEROME SILVERSTEIN, Respondent, v MAX GOODMAN et al., Respondents. MAURICE SILVERSTEIN, Nonparty Intervenor-Appellant. [917 NYS2d 183]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered March 17, 2009, which, in this action involving a trust, denied proposed intervenor's motion for leave to intervene, unanimously affirmed, without costs.

This action was commenced by Jerome Silverstein in 1993 seeking to remove the Goodmans as trustees of a trust whose property consists of a building located in Manhattan. Following Jerome's death in 1999, his son Philip was appointed administrator of his father's estate and was substituted as petitioner of record herein. At the time of his death, Jerome had been resid-

ing in a rent-stabilized apartment in the building with his son Maurice, the proposed intervenor. In 2000, Maurice vacated the apartment and Philip and his family moved in.

In November 2007, this action was settled, with the parties agreeing to the sale of the building and to vacate possession of their respective units by no later than two weeks after the closing of the sale. Maurice now seeks leave to intervene, asserting that he has succession rights to his late father's apartment that are threatened by the settlement.

The motion was not timely made as Maurice knew, as early as November 2003, when he opposed a motion made by the trustees in the action, that his tenancy rights to the apartment were at issue, yet he took no action until after the settlement (*see B.U.D. Sheetmetal v Massachusetts Bay Ins. Co.*, 248 AD2d 856, 857 [1998]). Furthermore, even if the motion were considered timely, Maurice would not be entitled to relief as his grounds for intervention rely on the existence of possessory rights to the apartment and he has failed to rebut the presumption of abandonment of any succession rights to the apartment (*see Hughes v Lenox Hill Hosp.*, 226 AD2d 4, 15-16 [1996], *lv dismissed in part and denied in part* 90 NY2d 829 [1997]).

We have considered proposed intervenor's remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 30568(U).]**